FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CLARA CHRISTILAW, an individual,

Plaintiff,

v.

FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a Michigan corporation and a wholly owned subsidiary of Foremost Insurance Group, doing business in the State of Washington,

Defendant.

CASE NO: 2:24-CV-0130-TOR

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT are Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (ECF No. 23) and Joint Motion to Expedite[1] (ECF No. 34).

---

[1] The Court is confused by the Joint Motion to Expedite. The motion hearing date for Plaintiff's Motion to Voluntarily Dismiss (ECF No. 23) is set for April 25, 2025, but the Joint Motion to Expedite filed on April 22 seeks an expedited hearing on the issue by April 29. A motion to expedite was unnecessary.

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE ~ 1

1    These matters were submitted for consideration without oral argument. The Court
2    has reviewed the record and files herein and is fully informed. For the reasons
3    discussed below, Plaintiff's Motion to Voluntarily Dismiss Without Prejudice
4    (ECF No. 23) is **GRANTED** and Plaintiff's Joint Motion to Expedite (ECF No.
5    34) is **DENIED as moot**.

## BACKGROUND

This case arises out of insurance claims made by Plaintiff after her home was damaged from a severe wildfire on August 18, 2023. ECF No. 1-1. Plaintiff brought several state law claims against Defendant including breach of contract, negligence, and claims under the Washington Insurance Fair Conduct Act and Washington Consumer Protection Act. *Id.* Plaintiff originally brought this action in the Spokane County Superior Court on March 14, 2024. *Id.* Defendant removed the action to this Court on April 18, 2024 on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. ECF No. 2. Plaintiff now seeks a voluntarily dismissal of this action without prejudice (ECF No. 23) pursuant to the Federal Rule of Civil Procedure ("FRCP") 41(a)(2). Soon after Plaintiff filed this motion, Defendant filed a Motion for Summary Judgment (ECF No. 24) as to all of Plaintiff's claims.

**APPLICABLE LAW**

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westland Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. If a district court does dismiss the case, it may do so "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

**DISCUSSION**

In Plaintiff's initial briefing, Plaintiff explained that she intended to pursue claims for damages against both Foremost Insurance Company Grand Rapids Michigan and the entity responsible for causing the wildfire that damaged Plaintiff's home, Inland Power & Light Co. ("Inland Power"). Plaintiff sought dismissal because she intended to consolidate the claims which as a result would destroy the Court's diversity jurisdiction over the case due to Inland Power being a Washington entity. ECF No. 23 at 2. However, Plaintiff's counsel provides an affidavit with Plaintiff's reply briefing explaining that Plaintiff just recently

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE ~ 3

1  learned that Defendant is already pursuing claims against Inland Empire in a state
2  court proceeding on behalf of Plaintiff, and Plaintiff intends to intervene as a
3  necessary party in that action.  ECF No. 33.  Therefore, Plaintiff seeks a voluntary
4  dismissal of this action without prejudice.
5      Defendant opposes Plaintiff's motion and requests the Court first hear
6  Defendant's Motion for Summary Judgment (ECF No. 24).  ECF No. 30 at 1.  In
7  the alternative, Defendant requests an award of fees and costs due to the prejudice
8  created by Plaintiff's voluntary dismissal.  *Id.*  Defendant argues the litigation in
9  this matter is far along and Defendant has incurred substantial expense in
10 discovery and preparing for trial to the extent a voluntary dismissal would amount
11 to legal prejudice.  ECF No. 30 at 7.  Defendant also argues that Plaintiff's filing of
12 the motion after learning of Defendant's intent to file a summary judgment motion
13 suggests Plaintiff seeks dismissal to avoid an adverse decision in summary
14 judgment.  *Id.* at 6.
15     Defendant cites to two cases out of this district where a court denied a
16 dismissal in circumstances Defendant claims are similar to this case.  But the
17 circumstances were not as similar as Defendant argues.  The court in *McKee v.*
18 *Bodnar*, No. CV-12-5102-JTR, 2013 WL 5316137 (E.D. Wash. Sept. 18, 2013)
19 denied the plaintiff's motion to dismiss explaining that "the case has been pending
20 for over a year, Defendants have produced over 1,200 pages in discovery,

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY
DISMISSAL WITHOUT PREJUDICE ~ 4

numerous motions have been filed and resolved, Plaintiff has failed to offer a sufficient explanation of his need to take a dismissal, and Defendants have filed a lengthy summary judgment Motion addressing Plaintiff claims." *Id.* at *2. And in *Muffett v. City of Yakima*, No. CV-10-3092-RMP, 2012 WL 777182 (E.D. Wash. Mar. 7, 2012), the court denied dismissal on the basis that the defendant had already filed a successful motion for summary judgment and several motions to compel, the court had imposed discovery related sanctions on the plaintiff, the defendant had conducted significant discovery and provided documentation of the significant funds expended in defending the lawsuit up until that point, and a second motion for summary judgment was pending before the court prior to the plaintiff requesting dismissal. *Id.* at *1.

     Here, the case has been pending for over a year but there appears to have been a limited amount of discovery related production in that time. Nor have any motions been filed with the Court before now other than those for continuances of case deadlines and a referral for mediation, which was unsuccessful. Further, the only litigation expenses Defendant provides documentation for are those relating to the preparation of Defendant's motion for summary judgment which Defendant concedes may be partially reused in a future state proceeding. ECF Nos. 31 at 4, 30 at 10. Moreover, the Court may condition a dismissal without prejudice upon the payment of costs and attorney fees. *Westland Water Dist.*, 100 F.3d at 97.

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE ~ 5

Finally, the Court is not convinced Plaintiff seeks dismissal to avoid a potential adverse decision in summary judgment. Plaintiff's counsel has made it clear that the dismissal is sought so Plaintiff may intervene in the state court proceedings Defendant and Inland Power are presently parties to. ECF No. 33.

For these reasons, the Court concludes Defendant has not shown it will suffer legal prejudice if the case is dismissed without prejudice. Therefore, the Court dismisses the action without prejudice on the condition Defendant is entitled to fees and costs for any "work which is not useful in continuing litigation between the parties" in the state court proceedings. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *see also Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1286 (9th Cir. 2023) ("[W]e have repeatedly stated that a district court can award costs and attorney's fees as a condition of dismissal without prejudice under Rule 41(a)(2)."). Defendant may submit a motion to the Court for the relevant attorney fees and costs with supporting detailed billing summaries within 10 days.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Joint Motion to Expedite (ECF No. 34) is **DENIED as moot**.
2. Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (ECF No. 23) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

3. All other pending motions are **DENIED as moot**.

4. The deadlines, hearings and trial date are **VACATED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and CLOSE the file.

DATED April 25, 2025.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge